LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiff

```
-----------------------------------X-----------------------------
CHINEDUM ETO,                       :UNITED STATES DISTRICT COURT
                                    :SOUTHERN DISTRICT OF NEW YORK
              Plaintiff(s),         :
                                    :   CASE No.: 17-CV-07721
      against                       :
                                    :        (PKC)
                                    :
THE CITY OF NEW YORK,               :   CIVIL ACTION
DETECTIVE PAUL RIVERA,              :
SHIELD # 1283                       :   SECOND AMENDED COMPLAINT
DETECTIVE EDWIN MARTINEZ,           :
SHIELD #  01177                     :   PLAINTIFF DEMANDS
DETECTIVE JEREMY MCGEE,             :   TRIAL BY JURY
SHIELD #  4626                      :
SERGEANT CHRISTOPHER TABB,          :
SHIELD #  315                       :
DETECTIVE JOSEPH FRANCO,            :
SHIELD #  7972                      :
                                    :
              Defendant(s).         :
-----------------------------------X-----------------------------
```

TAKE NOTICE, the Plaintiff, Chinedum Eto, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, by his attorneys, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, Detective Paul Rivera, Shield # 1283, Detective Edwin Martinez, Shield #  01177, Detective Jeremy Mcgee, Shield # 4626, Sergeant Christopher Tabb, Shield #315, and Detective Joseph Franco, Shield #7972  collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper

in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action have been complied with. On February 2, 2017, within ninety days after the false arrest and other claims alleged in this complaint arose, a sworn written notice of claim was served upon the defendant, City of New York. The plaintiff's claim was assigned the number 2017PI003883 by the City of New York's Comptroller's office.

6.   At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.   This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## PARTIES

8.   Plaintiff resides in New York, New York and is a resident of the State of New York.

9.   The actions which form the underlying basis for this case all took place in the County of New York, within the jurisdiction of the Southern District of New York.

10.  Defendants, Detective Paul Rivera, Shield # 1283, Detective Edwin Martinez, Shield # 01177, Detective Jeremy Mcgee, Shield #  4626, Sergeant Christopher Tabb, Shield # 315, and Detective Joseph Franco, Shield #7972 are police officers for the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

11.  Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

3

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about November 11, 2016, at or about 5:15 pm, the plaintiff was walking down 8th Avenue between 41st Street and 42nd Street, with his Assistant, from a work-related meeting when he was approached by two police officers in plain clothes from the front; and then grabbed by a third police officer, also in plain clothes, from the back.

13. Without any of these police officers identifying themselves, the police officer who grabbed plaintiff from the back tried to slam plaintiff on the floor but could not. He then started punching plaintiff repeatedly on the face causing plaintiff severe injuries.  He subsequently slammed plaintiff on the floor and plaintiff landed first on his face and lost consciousness.

14. As plaintiff regained consciousness one of the police officers handcuffed him and unlawfully searched him. Plaintiff was subsequently thrown into a paddy wagon by the police officers and transported to NYPD Midtown Precinct. Nothing was found on plaintiff after the search other than the money he had in his pocket and other personal items such as cell phone and passport.

15. At the precinct, plaintiff's face and eyes were swollen and bleeding; and he could barely see from one eye. Even though plaintiff complained of severe pain from his injuries the police officers did not give him any medical attention or treatment. Instead they pedigreed him and detained him in a cell for several hours without food, water, or medical attention.

16. Subsequently, plaintiff was taken to the Central Bookings Division of the Criminal Court in New York County, New York but his injuries were so severe that the nurse there denied

plaintiff entry, and instead instructed that plaintiff should be transported to a hospital for his injuries to be evaluated for fracture or something more serious. Plaintiff was transported to Bellevue Hospital, New York, New York.

17. After treatment plaintiff was transported from the hospital back to the Central Bookings Division of the Criminal Court in New York County, New York where he was further detained under deplorable conditions and falsely charged with: Criminal Possession of a Weapon in the Second Degree (PL265.03(1)(b); Criminal Possession of a Weapon in the Second Degree (PL265.03(3); and Resisting Arrest PL205.30).

18. Plaintiff was brought before a judge and remanded for 4 days at Manhattan Detention Center before he was released on bail.

19. The police officers seized plaintiff's money in the sum of $220.00 (Two Hundred and Twenty Dollars) which they recovered from him after the unlawful search and never gave it back to plaintiff.

20. Plaintiff was arraigned before a grand jury and after the grand jury proceedings all charges brought against plaintiff were dismissed on December 30, 2016.

21. The decision to arrest the plaintiff was objectively unreasonable under the circumstances.

22. While plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

23. The factual claims by the defendant officers were materially false and the defendant officers knew them to be materially false at the time they first made them, and every time thereafter when they repeated them.

24. That the defendant officers forwarded these false

allegations to the New York County District Attorney ("NYCDA") in order to justify the arrests and to persuade the NYCDA to commence the plaintiff's criminal prosecution.

25. That as a direct result of these false allegations by the defendant police officers; the plaintiff was criminally charged under Docket Number 2016NY067013.

26. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

27. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

28. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

29. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

30. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

31. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

32. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

33. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

34. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

35. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

36. The defendant City of New York deliberately and

intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

37. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

38. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

39. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the*

*police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

40. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

41. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate  level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

42. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

43. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

44. This action has been commenced within one year and ninety

days after the happening of the event upon which the claim
is based.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE
ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK
STATE LAW**

45. By this reference, plaintiff incorporates each and every
allegation and averment set forth in paragraphs 1 through
44 of this complaint as though fully set forth herein.

46. The arrest, detention and imprisonment of plaintiff were
without just or probable cause and without any warrant or
legal process directing or authorizing the plaintiff's
arrest or subsequent detention.

47. As a result of plaintiff's false arrest and imprisonment,
he has been caused to suffer humiliation, great mental and
physical anguish, embarrassment and scorn among those who
know him, was prevented from attending to his necessary
affairs, and has been caused to incur legal expenses, and
have been otherwise damaged in his character and
reputation.

48. Consequently, plaintiff has been damaged and hereby demands
compensatory and punitive damages in an amount to be proven
at trial against each of the defendants, individually and
severally.

49. The defendant officers were at all material times acting
within the scope of their employment, and as such, the
defendant City is vicariously liable for the defendant
officers acts as described above.

50. This action falls within one or more of the exceptions of
the New York State Civil Practice Law and Rules §1602.

**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**

### EXCESSIVE FORCE UNDER 42 U.S.C § 1983

51. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights in that the defendant police officers, without justification, violently slammed plaintiff on the floor and punched him repeatedly thereby causing plaintiff serious injuries which required medical treatment.

53. As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in serious and severe physical injuries.

54. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

### AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

55. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched,

without any individualized reasonable suspicion that he was concealing weapons or contraband.

57. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

58. The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

59. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

60. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

62. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

63. As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of

wages from work, serious personal injuries, and his
constitutional rights were violated. Plaintiff hereby
demands compensatory damages and punitive damages, in an
amount to be determined at trial, against the defendant
officers, individually and severally.

## AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE

64. By this reference, plaintiff incorporates each and every
allegation and averment set forth in paragraphs 1 through
63 of this complaint as though fully set forth herein.

65. Each defendant officer created false evidence against the
plaintiff.

66. Each defendant officer forwarded false evidence and false
information to the prosecutors in the New York County
District Attorney's office.

67. Each defendant officer was directly involved in the
initiation of criminal proceedings against the plaintiff.

68. Each defendant officer lacked probable cause to initiate
criminal proceedings against the plaintiff.

69. Each defendant officer acted with malice in initiating
criminal proceedings against the plaintiff.

70. Each defendant officer was directly involved in the
continuation of criminal proceedings against the plaintiff.

71. Each defendant officer lacked probable cause in continuing
criminal proceedings against the plaintiff.

72. Each defendant officer acted with malice in continuing
criminal proceedings against the plaintiff.

73. Each defendant officer misrepresented and falsified
evidence throughout all phases of the criminal proceeding.

74. Each defendant officer misrepresented and falsified

evidence to the prosecutors in the New York County District Attorney's office.

75. Each defendant officer withheld exculpatory evidence from the prosecutors in the New York County District Attorney's office.

76. Each defendant officer did not make a complete statement of facts to the prosecutors in the New York County District Attorney's office.

77. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

78. As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and their constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS A SIXTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER MALICIOUS PROSECUTION UNDER 42 U.S.C§ 1983/NEW YORK STATE LAW**

79. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff

were committed by or at the insistence of the defendant
officers without probable cause or legal justification, and
with malice.

81. That the defendant officers were directly involved in the
initiation of criminal proceedings against the plaintiff.

82. The defendant officers lacked probable cause to initiate
criminal proceedings against the plaintiff.

83. The defendant officers acted with malice in initiating
criminal proceedings against the plaintiff.

84. The defendant officers were directly involved in the
continuation of criminal proceedings against the plaintiff.

85. The defendant officers lacked probable cause in continuing
criminal proceedings against the plaintiff.

86. The defendant officers acted with malice in continuing
criminal proceedings against the plaintiff.

87. The defendant officers misrepresented and falsified
evidence throughout all phases of the criminal proceeding.

88. The defendant officers misrepresented and falsified
evidence to the prosecutors in the New York County District
Attorney's office.

89. That the defendant officers withheld exculpatory evidence
from the prosecutors in the New York County District
Attorney's office.

90. That the defendant officers did not make a complete
statement of facts to the prosecutors in the New York
County District Attorney's office.

91. The criminal judicial proceeding initiated against
plaintiff was dismissed on December 30, 2016 and terminated
in the plaintiff's favor.

92. The arrest, imprisonment and prosecution of the plaintiff
were malicious and unlawful, because plaintiff had
committed no crime and there was no probable cause to

believe that plaintiff had committed any crimes.

93. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

94. As a consequence of the malicious prosecution by the defendant officers, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

95. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

96. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the defendants officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

97. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before stated.

**AS A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE IMPRISONMENT, EXCESSIVE FORCE AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION**

98. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

99. The above-described respective assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

100. As a result of the above-described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know him; was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

101. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

102. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## AS AN EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

103. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

105. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with the actual and/or apparent authority attendant thereto.

106. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

107. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they Are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

108. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

109. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an

officer.

110. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

111. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

112. Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

113. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

114. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, hasrevealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

115. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

   (a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

   (b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the

Constitution of the United States.

(c)   The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d)   The right to be free from the use of excessive force.

116. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

117. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

118. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

119. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

**AS A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: INTENTIONAL**

**AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

120.  The Plaintiff hereby restates paragraph 1-119 of this complaint, as though fully set forth below.

121. The Defendants Officers engaged in extreme and outrageous conduct, intentionally, negligently and or recklessly causing severe emotional distress to plaintiff.

122. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

123. Defendants, their officers, agents, servants, and employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

124. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**AS A TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE**

125. Plaintiff repeats and realleges paragraphs 1 through 123 as if each paragraph is repeated verbatim herein.

126. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiff suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

127. That by reason of the said negligence, the plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long

time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

128. This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and
4. For such other and further relief as the court deems proper.

**Dated: March 16, 2018**
          Brooklyn, New York

                              O'keke& Associates, PC.
                              /s/  *John C. Iwuh*
                              John C. Iwuh, Esq. (JI-2361)
                              O'keke & Associates, PC.
                              Attorney for Plaintiff
                              801 Franklin Avenue
                              Brooklyn, New York 11238
                              Tel. (718) 855-9595

```
                                    Direct Dial: (347)442-5089
Civil Case Number: 17-CV-07721 (PKC) Attorney: JOHN C. IWUH,
[JI-2361]
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHINEDUM ETO,

                                        Plaintiff(s),


     against


THE CITY OF NEW YORK,
DETECTIVE PAUL RIVERA,   SHIELD # 1283
DETECTIVE EDWIN MARTINEZ, SHIELD # 01177
DETECTIVE JEREMY MCGEE, SHIELD #  4626
SERGEANT CHRISTOPHER TABB, SHIELD #315
DETECTIVE JOSEPH FRANCO, SHIELD #  7972

                                        Defendant(s).

---

### SUMMONS & COMPLAINT
### DEMAND TRIAL BY JURY

---

### O'keke & Associates, PC
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595  FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

                    Dated:_____

              Attorney(S) For:_____

---